# EXHIBIT A

Insurance Commissioner
ACCEPTED SOP
JUL 22 2019
TIME: 2pm

COPY
ORIGINAL FILED
JUL 16 2019
Scott G. Weber, Clerk, Clark Co

SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY

| | |
|---|---|
| MICHELE VERSTEEG and ARON VERSTEEG, wife and husband and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE MAX INSURANCE COMPANY or PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No. 19 2 02183 06<br><br>COMPLAINT FOR UNDERINSURED MOTORIST BENEFITS, BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT<br><br> |

COMES NOW plaintiffs Michele Versteeg and Aron Versteeg, by and through their attorney, Jenna D. Harden, for a claim against the Defendant Progressive Max Insurance Company or Progressive Direct Insurance Company and allege as follows:

## I. PARTIES

1.1. Plaintiffs Michele Versteeg and Aron Versteeg ("Plaintiffs") at all times material hereto, were wife and husband and constituted a marital community, and were residents of Clark County, Washington.

1.2. At all times material hereto, defendant Progressive Max Insurance Company or Progressive Direct Insurance Company

Page 1 – COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

("Progressive") was and is a foreign insurer doing business in Clark County, Washington.

## II. NATURE OF ACTION

2.1 Plaintiffs fully paid insurance premiums for underinsured motorist (UIM) coverage from Progressive, for insurance policy number 75794504-9, which made such UIM coverage applicable at all times mentioned herein.

2.2. Progressive accepted premiums and issued UIM coverage to plaintiffs.

2.3. Defendant Progressive resides in Clark County within the meaning of RCW 4.12.025 as it solicited insurance, transacted insurance business, and/or had an office for the transaction of insurance business within Clark County, Washington, at all times material herein.

2.4 Venue is proper in Clark County, Washington, pursuant to RCW 48.05.220.

2.5. On or about 07/17/13 at approximately 6:15 a.m., Michele Versteeg drove her 2005 Honda CRV car southbound on Main Street in Vancouver, Washington when she stopped at East 29th Street in the left turn lane to wait for an oncoming northbound 2010 Subaru Forrester Utility Vehicle, driven by Julia Turner, to pass. At the same time and place, underinsured Alice Ryan drove a 2006 Toyota Scion Utility Vehicle westbound from East 29th Street to disregard a stop sign that governed her path, to enter the northbound lane of Main Street where her motor vehicle collided into the front end of Mrs. Turner's northbound motor vehicle. The colliding motor vehicles in turn slammed into the

Page 2 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

driver's side of Mrs. Versteeg's stopped car. Mrs. Versteeg experienced multiple impacts to her car in the collision. Ms. Ryan operated her motor vehicle at a speed too fast for the conditions, failed to keep a proper lookout, failed to exercise reasonable care, failed to stop at a stop sign and failed to yield the right of way, thereby causing a collision involving three motor vehicles. The force of the multiple impacts of two motor vehicles impacting Mrs. Versteeg's small car, caused Mrs. Versteeg's body to be violently thrown in and about her motor vehicle and caused her to sustain injuries. The subject collision was caused by the negligence of Alice Ryan.

2.6 As a direct and proximate result of the negligence of Alice Ryan in failing to exercise due care and in operating her motor vehicle in a reckless, negligent, and dangerous manner, plaintiffs sustained significant injuries and damages.

2.7 Plaintiff Michele Versteeg received Personal Injury Protection ("PIP") benefits from defendant Progressive.

2.8 Plaintiffs asserted and subsequently settled their third party claims against Alice Ryan on May 16, 2014 in exchange for payment of $72,250.00 of a $100,000.00 automobile liability insurance policy limit from Mutual of Enumclaw Insurance Company ("MOE") as Plaintiff Michele Versteeg chose to delay surgery as long as possible as recommended by her treating physicians.

2.9 In exchange for MOE's settlement, Plaintiff Versteeg released underinsured Alice Ryan from further obligation after first tendering to defendant Progressive, MOE's offer of

Page 3 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

compromise for purposes set forth in Hamilton v. Farmers Insurance, 107 W2d, 721 (1987), which tender defendant Progressive rejected prior to plaintiffs' settlement with MOE.

2.10 Plaintiff Michele Versteeg finalized the compromise of settlement in the usual course by issuing a pro-rata payment to defendant Progressive to satisfy its PIP subrogation claim at the time, and by making various other payments to other incidental insurance companies that paid medical bills related to plaintiff Michelle Versteeg claim based on her recovery from MOE.

2.11 On April 3, 2019, after five years of additional medical treatment, painful living and physical struggle with her injury since settling with MOE, plaintiff Michele Versteeg underwent invasive surgery and plaintiffs submitted a revised demand with updated supporting materials to defendant Progressive demanding that it issue payment to plaintiffs for plaintiffs' full UIM policy limit benefits of $500,000.

2.12 On May 2, 2019, defendant Progressive, acting through its assigned adjuster Ryan Follas, denied plaintiffs' request for UIM policy limits benefits to offer $2,500.00 in compromise.

2.13 On May 20, 2019, plaintiffs, acting through counsel, notified the Office of the Insurance Commissioner (OIC) of defendant Progressive's violation of the Insurance Fair Conduct Act ("IFCA") by letter accompanied by the IFCA Cover Sheet, and provided defendant Progressive with copies of the notification.

2.14 Defendant Progressive acting through its assigned adjuster, Ryan Follas, responded to plaintiffs by cover letter

Page 4 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

dated June 3, 2019 that in response to the IFCA notification, it was in the process of considering the request for UIM binding arbitration and would respond in the near future. However, in a follow-up letter dated June 11, 2019, defendant outlined its faulty valuation of its insureds' claim to conclude *"At this time, we are not agreeable to binding arbitration under the policy."*

2.15 Plaintiffs have complied with all conditions precedent to recovery contained in the policy of insurance issued by defendant Progressive to plaintiffs.

## III. CAUSES OF ACTION

### Breach of Contract

3.1 Pursuant to the terms of its policy of insurance issued to plaintiffs, defendant Progressive agreed to pay for compensatory damages as a result of bodily injuries suffered by plaintiffs and due by law from the owner or driver of an underinsured motor vehicle resulting from a motor vehicle collision. Defendant Progressive has breached its contractual obligations to plaintiffs by failing and refusing to pay the $500,000.00 it owes them and otherwise failing to make any reasonable offer of settlement of plaintiffs' UIM claims.

3.2 Defendant Progressive's breach of contract has proximately caused damages to plaintiffs in an amount to be determined at the time of trial.

3.3 Plaintiffs bring this breach of contract claim against defendant Progressive pursuant to the Underinsured Motor Vehicle Bodily Injury Coverage of their Progressive policy.

Page 5 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

**Bad Faith**

3.4 Defendant Progressive violated its duty of good faith and fair dealing to its own insured, plaintiffs, by (1) unreasonably denying payments of just and fair UIM benefits to plaintiffs; and (2) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of plaintiffs' UIM claims, even though liability is undisputed.

3.5 Progressive's acts of bad faith have proximately caused injuries and damages to plaintiffs in an amount to be determined at the time of trial.

**Violation of the Insurance Fair Conduct Act**

3.6 Defendant Progressive has committed certain acts and omissions as described above which constitute violations of the Washington Unfair Claims Practices Acts, specifically WAC 284-30-330, as well as unreasonably denying payment of coverage and benefits to plaintiffs in violation of RCW 48.30.010 and RCW 48.30.015. Progressive's acts and omissions and violations of the WAC in failing to properly adjust and pay plaintiffs' UIM claims constitute a violation of the Insurance Fair Conduct Act, RCW 48.30.010 and RCW 48.30.015. Defendant Progressive has a statutory duty to not unreasonably deny claims and benefits pursuant to RCW 48.30.010(7). Progressive has breached its statutory duties to plaintiffs and, consequently, plaintiffs are entitled to all of the relief available pursuant to RCW 48.30.015.

3.7 Defendant Progressive's violations of the Unfair Claims Practices Act and the Insurance Fair Conduct Act have

Page 6 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

proximately caused injuries and damages to plaintiffs in an amount to be proven at the time of trial.

**Violations of the Consumer Protection Act**

3.8 Defendant Progressive's actions are in violation of the Consumer Protection Act (CPA), RCW 19.86., et. seq.

3.9 Progressive engaged in an unfair or deceptive act or practice in trade or commerce that impacts the public interest, which causes injury to the party in Plaintiffs' business or property, and which injury is causally linked to the unfair or deceptive act. St. Paul Fire & Marine Ins. Co. v. Onvia, Inc., 165 Wn.2d 122, 134, 196 P.3d 664 (2008).

3.10 Plaintiffs allege that Progressive has a national policy to deny coverage and insurance benefits/payments and unreasonably prolongs the claims process, thereby delaying expensive claims resolution and making the process of claim resolution as drawn out as possible.

3.11 Plaintiffs further allege that Progressive's requirement that UIM disputes as to the amount of damages must be commenced in arbitration or a trial court is a standard practice of Progressive, and that as a result thereof, Progressive should be enjoined from further operation in the insurance business in the State of Washington.

3.12 Progressive has violated other statutory obligations set forth in this Complaint to act in good faith in all insurance matters, which constitutes a per se violation of the CPA.

Page 7 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960

3.13 Progressive's actions in violation of the CPA entitles Plaintiffs to treble damages, reasonable attorney fees, costs of suit, injunctive and other relief as permitted by statute.

WHEREFORE, plaintiffs Michele Versteeg and Aron Versteeg pray for judgment against defendant Progressive Max Insurance Company or Progressive Direct Insurance Company as follows:

1. For full payment of plaintiffs' valid UIM claim;
2. For general and special damages in amounts to be proven at the time of trial;
3. For all damages proximately caused by defendant Progressive's bad faith claims handling in an amount to be proven at the time of trial;
4. For all damages proximately caused by Progressive's violations of the Unfair Claims Practices Act, the Insurance Fair Conduct Act and the Consumer Protection Act in an amount to be proven at the time of trial;
5. For trebling of plaintiffs' actual damages pursuant to RCW 48.30.015;
6. For an award of plaintiffs' reasonable attorneys' fees and actual and statutory costs, including expert witness fees;
7. For taxable costs and interest; and
8. For such other and further relief as the Court deems just and proper.

DATED this 16th day of July, 2019.

By: [signature]

JENNA D. HARDEN, WSBA 28494
Attorney for Plaintiffs

Page 8 - COMPLAINT FOR UIM DAMAGES, BREACH OF CONTRACT, INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CLAIMS ACT AND VIOLATIONS OF THE CONSUMER PROTECTION ACT

JENNA D. HARDEN
1251 Officers Row
P.O. Box 465
Vancouver, WA 98666
(360) 225-9960